**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 06-10061-CIV-MOORE/GARBER

JOSEPH CACHIA,

      Plaintiff,

vs.

ISLAMORADA, VILLAGE OF ISLANDS, a
Florida municipality,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (DE #3).

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order.

**I.   Background**

Plaintiff Joseph Cachia ("Plaintiff") is a resident of Islamorada, Village of Islands, a Florida municipality ("Defendant" or "Islamorada") located in Monroe County. Compl. ¶¶ 2-3. Plaintiff owns real property located in Islamorada, where he operates a retail store named "Floral Fantasy." Id. ¶¶ 4-5. On January 10, 2002, Islamorada enacted Ordinance 02-02 (the "Ordinance"), prohibiting "Formula Restaurants" in any zoning district in the geographical limits of Islamorada. Id. ¶ 5. A Formula Restaurant is defined as:

> An eating place that is one of a chain or group of three (3) or more existing establishments and which satisfies at least two of the following three descriptions: (1) has the same or similar name, tradename, or trademark as others in the chain or group; (2) offers any of the following characteristics in an style which is distinctive to and standardized among the chain or group: i. exterior design or architecture; ii. uniforms, except that a personal identification or simple logo will not render the clothing a uniform; or iii. has a standardized menu; or (3) is a fast food restaurant.

Id. ¶ 5, Ex. A.

On August 22, 2005, Plaintiff entered into a "Letter of Intent" to sell the property to Paramount Realty Group, LLC ("Paramount") for approximately $1.2 million. Id. ¶ 7. Paramount's intention was to convert the store into a Starbucks store. Id. When Paramount began consultation with Islamorada's planning department, it was informed that it was prohibited from opening a Starbucks under the Ordinance. Id. ¶ 9. Paramount informed Plaintiff that it would not be purchasing the property. Id. ¶ 10. Accordingly, Plaintiff now seeks in excess of $100,000 in damages. Id.

In Count I, Plaintiff alleges that Defendant violated numerous civil rights, including equal protection, due process, the Privileges and Immunities Clause and the Commerce Clause. In Count II, Plaintiff seeks a declaration that the Ordinance violates the Florida and United States Constitutions. In Count III, Plaintiff requests injunctive relief forbidding the Defendant from interfering with Plaintiff's property.

## II.     Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted); South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under

a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). However, "while Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998).

**III.    Discussion**

   **A.    Equal Protection**

Plaintiff argues that the Ordinance violates the equal protection clause of the United States Constitution in that it "arbitrarily classifies restaurants in a discriminatory manner not rationally related to any proper legislative purpose." Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl. Resp.") at 2. There is no dispute here that the proper standard is whether the regulation at issue is rationally related to a legitimate government purpose. See Pl. Resp. at 3 ("The ordinance cannot be sustained unless it is, at a minimum, rationally related to a legitimate government interest"); Eide v. Sarasota County, 908 F.2d 716, 722 (11th Cir. 1990) ("if the claim is simply that the regulation treats the plaintiff different from someone else and neither a suspect class nor a fundamental right is involved, the regulation (and its classification) must only be rationally related to a legitimate government purpose"). In Campbell v. Rainbow City, the Plaintiffs argued that the City Council's denial of tentative approval for Plaintiffs' proposed building project violated equal protection because "all other developers that came before the Planning Commission had received approval and . . . Plaintiffs were treated differently by the City because of [Plaintiff's] candidacy in a prior mayoral election." 434 F.3d 1306, 1309 (11th Cir. 2006). The Court of Appeals determined that the developments that were granted approval were not similarly situated to the

3

development for which Plaintiffs sought approval. Id. at 1314. That Court noted that the "showing that the two projects were similarly situated requires some specificity." Id., citing Strickland v. Alderman, 74 F.3d 260, 264-5 (11th Cir. 1996); See also Racine Charter One, Inc. v. Racine Unified School Dist., 424 F.3d 677, 680 (7th Cir. 2005) ("to be considered 'similarly situated,' comparators must be *prima facie* identical in all relevant respects"). The Court of Appeals continued to find that the Plaintiffs were not similarly situated with any other development that sought and received approval, because no other development (1) was commercial, rather than residential; (2) sought and obtained temporary approval; and (3) sought as many variances as Plaintiffs' proposed development. Campbell, 434 F.3d at 1315-16.

As Defendant correctly notes, "Plaintiff fails to even attempt to show a similarly situated individual that has been treated differently." Def. Mot. at 3. Furthermore, even assuming that this Court were to accept the premise that Plaintiff, as a landowner, is being treated differently from landowners wishing to use their property to build a "non-formula," restaurant, the council has articulated a sufficient rational basis for this distinction. Accordingly, Defendant's Motion to Dismiss the Equal Protection Claim in Count I of the Complaint is granted.

**B. Substantive Due Process**

Plaintiff claims " he has been denied Due Process under the Fourteenth Amendment to the United States Constitution." Compl. ¶ 13. Plaintiff alleges the ordinance was passed with the "improper purpose" of "economic protectionism" and that it impermissibly singles out and punishes the unpopular "formula" restaurants. Id. Plaintiff's claim is for a violation of substantive due process, as opposed to procedural due process. See Pl. Resp. at 6. Substantive due process protects fundamental rights. McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994).

A substantive due process claim questioning the constitutionality of a zoning regulation is evaluated "under the rational basis standard." Restigouche, Inc. v. Town of Jupiter, 59 F.3d

4

1208, 1214 (11th Cir. 1995). A zoning decision is upheld if "it has a rational relationship with a legitimate general welfare concern." Id., quoting Corn v. City of Lauderdale Lakes, 997 F.2d 1369. 1388 (11th Cir. 1993), cert. denied, 511 U.S. 1018 (1994). Further, a two-step procedure for determination of whether a zoning decision survives rational basis scrutiny has been adopted by the Eleventh Circuit. See Haves v. City of Miami, 52 F.3d 918, 921-24 (11th Cir. 1995). First, courts must identify "a legitimate government purpose -- a goal -- which the enacting government body could have been pursuing." Id. at 921 (emphasis in original). Second, courts must determine whether "a rational basis exists for the enacting government body to believe that the legislation would further the hypothesized purpose . . . [;] '[t]he proper inquiry is concerned with the existence of a conceivably rational basis, not whether that basis was actually considered by the legislative body.'" Id. at 922 (quoting Panama City Medical Diagnostic, Ltd. v. Williams, 13 F.3d 1541, 1547 (11th Cir. 1994)) (emphasis in original).

The two part-inquiry of whether a zoning decision survives rational basis scrutiny does not create a difficult standard for a government to satisfy and "[a]s long as there is [a] 'plausible, arguably legitimate purpose' for the application of the . . . regulations . . ., summary judgment is appropriate unless [Plaintiff] can demonstrate that [Defendant] could not possibly have relied on that purpose." Restigouche, Inc., 59 F.3d at 1214 (quoting Haves, 52 F.3d at 923). The Islamorada Ordinance described several goals whose purposes the Ordinance served, including maintenance of the area's natural, relaxed atmosphere and uniqueness. The Court finds that such goals in the present case would clearly satisfy the first step of the rational-basis scrutiny.

Next, the Court must determine whether a rational basis exists for Islamorada to believe that this Ordinance would further its stated purposes and goals. The Court finds that the Ordinance's restrictions on "formula" restaurants satisfy this standard. Compl. Ex. A. The Ordinance's purposes and Islamorada's motivations and beliefs in enacting it are all rational. Development in an area as sensitive as Islamorada must be closely monitored and this duty is one

of the most important responsibilities of local government.  Therefore, Defendant's Motion to Dismiss the Due Process Claim in Count I of the Complaint is granted.

### C. Privileges or Immunities Clause

Plaintiff complains the Ordinance "violates the Privileges or Immunities Clause . . . becuase it interferes with Plaintiff's rights to engage in a common occupation, without any reasonable relationship to protecting the public health, safety and welfare."  Compl. ¶ 14.  The Privileges or Immunities Clause protects the rights of United States citizens to travel and work in all the various states.  See Maxwell v. Bugbee 250 U.S. 525 (1919).  The Clause was drafted "to place the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned."  Paul v. Virginia, 75 U.S. 168, 180 (1869).  The Supreme Court noted that if a state has an ordinance discriminating against out-of-state interests, in-state residents "have no claim under the Privileges and Immunities Clause," even if the in-state residents are also disadvantaged by the ordinance.  United Bldg. and Const. Trades Council of Camden County and Vicinity v. Mayor of Camden, 465 U.S. 208, 217 (1984).  Because Plaintiff is a resident of Islamorada, Florida, and not another state, Plaintiff lacks standing to assert a Privileges or Immunities claim regarding Islamorada's Ordinance. Accordingly, Defendant's Motion to Dismiss the Privileges or Immunities Claim in Count I of the Complaint is granted.

### D. Commerce Clause

Plaintiff alleges the Ordinance facially discriminates against interstate commerce in violation of the commerce clause of the United States Constitution and argues that the validity of the Ordinance should be reviewed using strict scrutiny.  Compl. ¶ 15.  Plaintiff claims that, if not facially discriminatory, "the avowed purpose of the Formula Restaurant Ordinance is to

discriminate against interstate retailers." Id. (citing Kassel v. Consolidated Freightways Corp., 450 U.S. 662, 676 (1991)).  The Commerce Clause provides: "Congress shall have Power . . . [t]o regulate Commerce . . . among the several States."  U.S. Const. Art. I., § 8, cl. 3.  This clause has been interpreted to "limit[] the power of the States to erect barriers against interstate trade."  Dennis v. Higgins, 498 U.S. 439, 446 (1991).  The Dormant Commerce Clause prohibits "regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors."  New Energy Co. of Ind. v. Limbach, 486 U.S. 439, 447 (1991).

A two-tier analysis is required to determine whether the Ordinance violates the Dormant Commerce Clause.  See Bainbridge v. Turner, 311 F.3d 1104, 1108 (11th Cir. 2002).  First, if the Ordinance "directly regulates or discriminates against interstate commerce, or when its effect is to favor in-state economic interests over out-of-state interests," the Ordinance may only be found to be valid if it "advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives."  See id. (quoting Brown-Forman Distillers Corp. v. New York State Liquor Auth., 476 U.S. 573, 578-79 (1986); New Energy Co. of Indiana v. Limbach, 486 U.S. 269, 278 (1988)).  If, however, the Ordinance's effects on interstate commerce are indirect and the regulation is evenhanded between in-state and out-of-state interests, the Ordinance will be found valid if the Defendant has a legitimate interest and the "burden on interstate commerce [does not] clearly exceed[] the local benefits."  See id. (quoting Brown-Forman, 476 U.S. at 579).

On its face, the Ordinance makes no distinction between in-state and out-of-state interests. Plaintiff argues the Ordinance discriminates against out-of-state interests because some of the elements used to evaluate whether an establishment is prohibited by the Ordinance are "standardized features inherent to interstate business."  Pl. Resp. at 9.  Plaintiff also points to the reference to similar trademarks or tradenames as indicators of a "formula restaurant," arguing that

7

use of a trademark implies interstate commerce, and asserts that the reference to a standardized menu as a characteristic of a "formula restaurant" discriminates against interstate commerce because the menu ingredients would be shipped in interstate commerce.  Id. at 8.  Plaintiff contends that the ordinance impacts all businesses involved in interstate commerce.  Id. at 9.

Plaintiff's argument that the Ordinance discriminates against businesses involved in interstate commerce for the benefit of businesses that operate totally within Florida is inapposite.  Businesses which operate with at least two of the features described in the Ordinance will be prohibited, regardless of their state of citizenship or the locations of their other stores.  The market in Islamorada is open to all foreign and local restauranteurs not using a "formula restaurant" format.

Since the Ordinance has only an indirect effect on interstate commerce, the Court considers "whether the State's interest is legitimate and whether the burden on interstate commerce clearly exceeds the local benefits."  Bainbridge, 311 F.3d at 1109  (citing Brown-Forman, 476 U.S. at 579).  The Ordinance itself articulates the Village's interests in enacting the Ordinance, and Plaintiff fails to allege any burden on interstate commerce which would exceed the local benefits contemplated by the Ordinance.  Construing factual allegations of the Complaint and the record in the light most favorable to Plaintiff, the Court finds there is a legitimate interest, and that the burden placed on interstate commerce by the Ordinance does not clearly exceed its local benefits.  Accordingly, Defendant's Motion to Dismiss the Commerce Clause Claim in Count I of the Complaint is granted.

### E. Invalid Zoning Measure

Plaintiff complains the Ordinance is an invalid zoning measure and use of police power because of its goal of restricting commercial competition, and that the Ordinance violates

Plaintiff's constitutional right to make reasonable use of his property without the required substantial need for such restrictions. Compl. ¶ 18-19. In Florida, "a land owner is not entitled to the highest and best use of his property, [but] a zoning classification that is arbitrary, unreasonable or confiscatory should not be allowed to stand." Bailey v. City of St. Augustine Beach, 538 So. 2d 50, 52 (Fla. Dist. Ct. App. 1989). As has been discussed above, the Ordinance is neither arbitrary nor unreasonable. For the Ordinance to be confiscatory, it would have to "deprive[] the owner of all beneficial use of the land." Id. The Ordinance does not, for example, prevent Plaintiff from continuing to operate the "Floral Fantasy" retail store in that space. See Compl. ¶ 4. Accordingly, Defendant's Motion to Dismiss the Invalid Zoning Measure Claim in Count I of the Complaint is granted.

### F. Declaratory Relief

Plaintiff also requests declaratory relief for the substantive claims in Count I. As each of the Plaintiff's substantive claims in Count I have been dismissed, no present controversy remains for which declaratory relief might be appropriate. Accordingly, Defendant's Motion to Dismiss the request for Declaratory Relief in Count II of the Complaint is granted.

### G. Injunctive Relief

Finally, Plaintiff requests injunctive relief. Given the dismissal of each of the Plaintiff's substantive claims in Count I, Plaintiff is not entitled to injunctive relief. Accordingly, Defendant's Motion to Dismiss the request for Injunctive Relief in Count III of the Complaint is granted.

## IV.  Conclusion

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (DE # 3) is GRANTED.  Plaintiff's claims are DISMISSED WITH PREJUDICE.  The Clerk of Court is instructed to CLOSE this case for administrative purposes.  All pending motions regarding this case are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of October, 2006.

	K. MICHAEL MOORE
	UNITED STATES DISTRICT JUDGE

cc:	All Counsel of Record
	U.S. Magistrate Judge Barry L. Garber